UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-80463-Rosenberg/Hopkins

INFINITY SALES GROUP, LLC,

        Plaintiff,

vs.

VALASSIS COMMUNICATIONS, et al.,

        Defendants.
_____/

## STANDING DISCOVERY ORDER FOR MAGISTRATE JUDGE JAMES M. HOPKINS

The following procedures are designed to help the Parties and the Court work together to timely resolve discovery disputes without undue delay and unnecessary expense.

### MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in a genuine effort to resolve their discovery disputes **before** filing discovery motions. In other words, there must be **an actual conversation** before a discovery motion is filed. During this conversation, **counsel shall discuss the available options for resolving the dispute without court intervention** and make a concerted, good faith effort to arrive at a mutually acceptable resolution. If counsel refuses to participate in a conversation, then the movant shall so state in the required certificate of conference and outline the efforts made to have a conversation.

The parties are advised that this Court will implement the "proportionality principle" set forth in Federal Rule of Civil Procedure 26(b)(2)(C)(iii), which requires courts to limit the "frequency or extent of discovery" where "the burden or expense of the proposed discovery

outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii)).  Thus, counsel must conduct an efficiency evaluation and have discussions regarding what discovery is most needed and how it can be provided in the least costly manner. *See The Sedona Conference Commentary on Proportionality in Electronic Discovery*, 11 Sedona Conf. J. 289 (2010).

In addition, for cases involving voluminous electronic discovery ("e-discovery"), counsel are required to ensure that individuals with knowledge about each respective party's database and the most efficient way of searching the database are involved in the discussions and directly meet and meaningfully confer with each other.  Often such an individual is employed by counsel's client in its information technology department, but if not, counsel must have available an e-discovery expert.  Any motion seeking resolution of a dispute involving electronic discovery must be accompanied by an affidavit attesting to the fact that such individuals with knowledge have met and meaningfully conferred and describing the result of that conference.

The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought, is being withheld in bad faith or if a party fails to confer in good faith as described above. Sending an email or telefax to opposing counsel with a demand that a discovery response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery motion.

DISCOVERY MOTIONS

If parties are unable to resolve their discovery disputes without Court intervention, upon the filing of the appropriate discovery motion, U.S. Magistrate Judge James M. Hopkins will

schedule a discovery motion hearing, as soon as practicable, at the Paul G. Rogers Federal Building and Courthouse, 701 Clematis Street, Courtroom 6, West Palm Beach, FL 33401.

The movant's motion shall be **no longer than 5 pages** (not counting signature block and certificate of service). The purpose of the motion is merely to frame the discovery issues and succinctly explain the dispute. The moving party must attach as exhibits any materials relevant to the discovery dispute (i.e., discovery demands/responses). The motion shall include citations to cases and other authority the movant wishes the Court to consider.

The Court will provide a deadline for the filing of response papers in its Order setting the hearing. The response papers shall be **no longer than 3 pages** (not counting signature block and certificate of service), containing any cases or other authority it wishes the Court to consider, and attaching any necessary exhibits, that are not already attached to the movant's papers.

PRE-HEARING DISCUSSIONS

The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute. To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, counsel should contact Judge Hopkins' chambers as soon as practicable so that the hearing can be timely canceled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, counsel shall also timely contact chambers and provide notice about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters which became moot).

DISPUTES ARISING DURING DEPOSITIONS

The Court will make itself available, whenever possible, to resolve any disputes that arise during the course of a deposition. The Court encourages counsel to contact chambers promptly

when such situations arise, in an effort to avoid the wasted time and expense associated with post-deposition motion practice.

### EXPENSES, INCLUDING ATTORNEY'S FEES

The Court reminds the parties and counsel that Fed. R. Civ. Pro. 37 (a) (5) requires the Court to award expenses, including fees, to prevailing parties in discovery disputes unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 20th day of May, 2015.

JAMES M. HOPKINS
United States Magistrate Judge